IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PHYLLIS COX,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC., WAL-MART STORES EAST, LP, and WAL-MART REALTY COMPANY,<br><br>    Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION FILE NO. 22A00942 |

## COMPLAINT

Phyllis Cox, Plaintiff in the above-styled civil action, files her Complaint against Defendants and shows this Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Phyllis Cox ("Plaintiff") is a citizen of the State of Georgia.

2.

Defendant Walmart Inc. (hereinafter referred to as "Defendant Walmart") is a Foreign Corporation organized under the laws of a state of Georgia, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit and may be served through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

3.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Defendant Wal-Mart Stores") is a Foreign Profit Corporation organized under the laws of a state of Georgia, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit and



STATE COURT OF
DEKALB COUNTY, GA.
3/14/2022 1:58 PM
E-FILED
BY: Monica Gay

may be served through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

4.

Defendant Wal-Mart Realty Company (hereinafter referred to as "Defendant Wal-Mart Realty") is a Foreign Profit Corporation organized under the laws of a state of Georgia, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit and may be served through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

5.

Venue in this case is proper in this County and Court under O.C.G.A. § 14-2-510(b)(3) because the incident occurred in Dekalb County, Georgia.

## STATEMENT OF FACTS

6.

On or about November 15, 2019, Defendant Walmart invited the consuming public, such as Plaintiff, to shop at the Defendant Walmart store located at 2940 Anvilblock Road, Ellenwood, Georgia 30294.

7.

At all times relevant hereto, said Defendants Walmart were actively in control of the retail location of 2940 Anvilblock Road, Ellenwood, Georgia 30294.

8.

On or about March 28, 2020, and all times relevant herein, Defendants were required to exercise reasonable care and inspection when providing products and services in the retail grocery store facility to guests, invitees and the consuming public, including Plaintiff.

9.

Plaintiff was in the Walmart store for the purposes connected with Defendants' businesses and therefore, has the status of an invitee.

10.

On November 15, 2019, and at all times relevant herein, Plaintiff was an invited guest at the Walmart store and was lawfully on the premises as a member of the consuming public.

11.

While at the aforesaid Walmart store in the clothes section, Plaintiff, slipped and fell on what appeared to resemble grapes on the floor of the clothes section. There were no warning signs within the clothes section, cautioning invited guests from potentially injuring themselves from the grapes on the floor. Plaintiff fell with such force, causing serious bodily injuries and damages to Plaintiff, including, but not limited to her knee.

## COUNT ONE – NEGLIGENCE

12.

Plaintiff realleges and incorporates by reference paragraphs 1 through 11 above as if they were fully restated verbatim herein.

13.

Plaintiff shows that the aforesaid fall was proximately caused by the Defendants' negligent acts and omissions including, but not limited to the following:

a) Immediately prior to the aforesaid incident, Defendants failed to properly maintain and inspect the premises;

b) Immediately prior to the aforesaid incident, defendants failed to keep the premises free from hazards and suitable for the purpose intended;

c) Immediately prior to the aforesaid incident, Defendants failed to warn Plaintiff, as well as the

consuming public, of the dangerous condition on the premises;

d) Immediately prior to the aforesaid incident, Defendants failed to take any precautions and/or proper design to prevent injury to Plaintiff;

e) Immediately prior to the aforesaid incident, Defendants failed to properly mark or identify the hazardous area as to not constitute a danger to those who had lawful occasion to stand, walk, visit and/or traverse thereon;

f) Immediately prior to the aforesaid incident, Defendants failed to exercise due care for Plaintiff's safety, as well as the negligent hiring and training of employees, maintenance workers, servants and agents with regard to the hazardous condition of the premises;

g) Any and all negligent acts and omissions which may be shown at trial including superior knowledge of the defect at issue.

14.

All the injuries and damages to Plaintiff as stated herein are due to the negligence of Defendants and said negligence is the direct and proximate cause of the injuries, and damages to Plaintiff, unmixed with any negligence on the part of Plaintiff.

15.

Plaintiff was free from any fault or negligence.

16.

At all times, Plaintiff was keeping a proper lookout and exercising due care for her own safety. Plaintiff was not at any time aware of the negligent, defective conditions created/maintained and allowed to exist by Defendants.

17.

Defendants had actual and/or constructive superior knowledge of the instrumentality, danger and hazardous condition that proximately caused Plaintiff's fall and injuries.

18.

As a direct and proximate result of the breaches of duty by Defendant, Plaintiff suffered injuries and damages, including medical and other necessary expenses, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer medical and other necessary expenses, and mental and physical pain and suffering. Plaintiff's medical expenses are $119,029.28 to date.

19.

By reason of the foregoing, Plaintiff is entitled to recover compensatory and other damages from Defendant in an amount to be proven at trial.

## COUNT TWO
## PREMISES LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Plaintiff was an invitee on the premises at the time of the fall.

22.

Defendants owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the parking lot, in failing to take adequate measures to protect invitees from defects in the walking area and in failing to keep the premises safe for invitees.

24.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

25.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

26.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, and other agency principles.

## COUNT III
### NEGLIGENT HIRING, TRAINING & SUPERVISION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

28.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

29.

Defendants were negligent in training and supervising their staff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray and demand as follows:

1. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. Under Count One, Two, and Three that the Court award and enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for damages in an amount to be proven at trial;

4. That Plaintiff have a trial by a jury as to all issues; and,

5. That Plaintiff have such other and further relief as the Court may deem just and proper.

This 14th day of March, 2022.

Respectfully submitted,

TITUS LAW, LLC

*/s/ Mathew K. Titus*
MATHEW K. TITUS
Georgia Bar No. 479107
**Counsel for Plaintiff**

TITUS LAW, LLC
5755 North Point Parkway Suite 88
Alpharetta, GA 30022
Telephone: 770.416.8426
Facsimile: 770.818.5545
mathew@titus-law.com

STATE COURT OF
DEKALB COUNTY, GA.
3/14/2022 1:58 PM
E-FILED
BY: Monica Gay