IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHYLLIS COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | 1:22-cv-01439-ELR |
| | ) | |
| | ) | |
| WALMART INC., | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| And WAL-MART | ) | |
| REALTY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANTS

NOW COME Defendants WALMART INC. (erroneously named), WAL-MART STORES EAST LP, and WAL-MART REALTY COMPANY (erroneously named), hereinafter "Defendants," by and through the undersigned counsel, to respectfully respond to Plaintiff's Complaint, as follows:

## FIRST DEFENSE

Walmart Inc. is not a proper party to this suit.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant

1

Walmart Inc. upon which relief can be granted; therefore, Plaintiff's claims against Defendant Walmart Inc. should be dismissed as a matter of law.

### THIRD DEFENSE

Wal-Mart Realty Company is not a proper party to this suit.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Wal-Mart Realty Company; therefore, Plaintiff's claims against Defendant Wal-Mart Realty Company should be dismissed as a matter of law.

### FIFTH DEFENSE

The subject incident was purely the result of an accident.

### SIXTH DEFENSE

The subject incident and Plaintiff's injuries, if any, were directly and proximately caused by Plaintiff's failure to exercise ordinary care for her own safety.

### SEVENTH DEFENSE

The subject incident and Plaintiff's injuries, if any, were directly and proximately caused by Plaintiff's negligence.

2

## EIGHTH DEFENSE

The subject incident was proximately and directly caused by the negligence of a third-party.

## NINTH DEFENSE

The negligence of a third-party contributed to the cause of the subject incident.

## TENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any act or omission on their part proximately caused or contributed to the cause of the subject incident.

## ELEVENTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any act or omission on their part proximately caused or contributed to the cause of the injuries and/or damages allegedly sustained by Plaintiff.

## TWELFTH DEFENSE

Defendants did not breach any legal duty owed to Plaintiff on the date of the subject incident.

## THIRTEENTH DEFENSE

Plaintiff voluntarily assumed the risk of the hazard, if any, that was present at the subject store at the time of the subject incident; therefore, Plaintiff is barred from any recovery against Defendants.

## FOURTEENTH DEFENSE

Defendants had neither actual nor constructive knowledge of the existence of the hazard, if any, that Plaintiff claims existed on the floor of the subject store at the time of the subject incident.

## FIFTEENTH DEFENSE

Plaintiff's knowledge of the hazard, if any, was superior to that of Defendants; therefore, Plaintiff is barred from any recovery against Defendants.

## SIXTEENTH DEFENSE

Plaintiff's knowledge of the hazard, if any, was equal to the knowledge, if any, that Defendants possessed; therefore, Plaintiff is barred from any recovery against Defendants.

## SEVENTEENTH DEFENSE

Defendants deny that they are jointly and severally liable for the damages, if any, sustained by Plaintiff as a result of the subject incident.

4

## EIGHTEENTH DEFENSE

Responding to the specific allegations of the individually- numbered paragraphs of Plaintiff's Complaint, Defendants respond, as follows:

**1.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of contained in Paragraph 1 of Plaintiff's Complaint.

**2.**

Responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants admit that the registered agent named for Defendant Walmart Inc. and that the address listed for said registered agent for Defendant Walmart Inc are correct. Defendants also admit that Defendant Walmart Inc. is a foreign corporation authorized to do business in Georgia. The remaining allegations contained in Paragraph 2 of Plaintiff's Complaint, as originally pled, are denied.

**3.**

Responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants deny that Defendant Wal-Mart Stores East LP is a corporation organized under the laws of the State of Georgia and that it was subject

5

to the jurisdiction of the State Court of Dekalb County, as originally pled. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted.

**4.**

Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants deny that Defendant Wal-Mart Realty Company is a corporation organized under the laws of the State of Georgia and that it was subject to the jurisdiction of the State Court of Dekalb County, as originally pled. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted.

**5.**

The allegations contained in Paragraph 5 of Plaintiff's Complaint, as originally pled, are denied.

**6.**

Responding to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether Plaintiff was an invitee at the time of the subject incident. The remaining allegations contained in Paragraph 6 are admitted.

**7.**

Responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendants admit that Defendant Wal-Mart Stores East, LP was in control of the subject premises. Because Defendants Walmart Inc. and Wal-Mart Realty Company are not proper parties to this suit, the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

**8.**

Responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether Plaintiff was an invitee at the time of the subject incident. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, as written, are denied.

**9.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

**10.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

**11.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

**12.**

Defendants hereby incorporate by reference their foregoing responses to Paragraphs 1 through 11 of Plaintiff's Complaint as if fully copied herein.

**13.**

The allegations contained in Paragraph 13, including sub-parts (a) – (g) therein, of Plaintiff's Complaint are denied.

**14.**

The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

**15.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**16.**

Responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendants deny that they allowed, created and/or maintained any "negligent, defective conditions" at the subject premises. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

**17.**

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

**18.**

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

**19.**

Because the allegations contained in Paragraph 19 of Plaintiff's Complaint specifically reference the allegations contained in Paragraph 18 of Plaintiff's Complaint, the allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

**20.**

Defendants hereby incorporate by reference their foregoing responses to Paragraphs 1 through 19 of Plaintiff's Complaint as if fully copied herein.

**21.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

9

**22.**

Responding to the allegations contained in Paragraph 22 of Plaintiff's

Complaint, Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations pertaining to whether Plaintiff was an

invitee at the time of the subject incident. Defendants admit that Defendant Wal-

Mart Stores East LP owed a statutory duty to invitees pursuant to OCGA §51-3-1

on the incident date. The remaining allegations contained in Paragraph 22 of

Plaintiff's Complaint are denied.

**23.**

The allegations contained in Paragraph 23 of Plaintiff's Complaint are

denied.

**24.**

The allegations contained in Paragraph 24 of Plaintiff's Complaint are

denied.

**25.**

The allegations contained in Paragraph 25 of Plaintiff's Complaint are

denied.

**26.**

The allegations contained in Paragraph 26 of Plaintiff's Complaint are

denied.

**27.**

Defendants hereby incorporate by reference their foregoing responses to Paragraphs 1 through 26 of Plaintiff's Complaint as if fully copied herein.

**28.**

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

**29.**

The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

**30.**

Any allegation, language or paragraph contained in Plaintiff's Complaint, including those allegations listed after the phrase "Wherefore, Plaintiff respectfully pray (sic) . . ." on Page 7 of Plaintiff's Complaint, not heretofore responded to are specifically denied by Defendants.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants pray that Plaintiff's claims against Defendants Walmart Inc. and Wal-Mart Realty Company would be dismissed as a matter of law, that Defendants would receive a

trial by a jury of twelve (12) persons, and that Defendants would receive any and

all such other and further relief to which they may be entitled under the law.

Respectfully submitted on this the *20ᵗʰ* day of April, 2022.

> **WALDON ADELMAN CASTILLA**
> **HIESTAND & PROUT**
>
> Catherine Carter Semler
>
> JONATHAN M. ADELMAN
> Georgia Bar No. 005128
> CATHERINE CARTER SEMLER
> Georgia Bar No. 635752
> *Attorneys for Defendants*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
csemler@wachp.com

12

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHYLLIS COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| | ) |
| v. | ) 1:22-cv-01439-ELR |
| | ) |
| | ) |
| WALMART INC., | ) |
| WAL-MART STORES EAST, LP, | ) |
| And WAL-MART | ) |
| REALTY COMPANY, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this the *20th* day of April, 2022, I electronically filed

the foregoing *Answer and Jury Demand of Defendants* with the Clerk of this Court

using the CM/ECF system which will automatically provide notice of such filing via

electronic mail to the following attorney(s) of record:

Mr. Mathew K. Titus
TITUS LAW, LLC
5755 North Point Parkway, Suite 88
Alpharetta, Georgia   30022
mathew@titus-law.com
*Attorneys for Plaintiff*

*[Signature on Next Page]*

13

**WALDON ADELMAN CASTILLA
HIESTAND & PROUT**

CATHERINE CARTER SEMLER
Georgia Bar No. 635752
*Attorneys for Defendants*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia   30339
Telephone: (770) 953-1710
csemler@wachp.com

14